898 F.2d 318
 Fed. Sec. L. Rep. P 94,966, 16 Fed.R.Serv.3d 79
 SECURITIES INDUSTRY ASSOCIATION, Plaintiff,
v.
Robert L. CLARKE and Office of the Comptroller of the
Currency, Defendants-Appellees,
Security Pacific National Bank, Intervenor-Defendant-Appellee,
Appeal of James B. WEIDNER, Non-party Appellant.
 No. 656, Docket 89-6129.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 9, 1990.
Decided March 12, 1990.
 
 Patterson, Belknap, Webb & Tyler, New York City (Harold R. Tyler, Jr., Eugene M. Gelernter, Douglas B. Maynard, of counsel), for non-party appellant James B. Weidner.
 William J. Fitzpatrick, New York City (Donald J. Crawford, Washington, D.C., of counsel), filed a brief for Securities Industry Ass'n as amicus curiae.
 Before VAN GRAAFEILAND, CARDAMONE, and ALTIMARI, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 Non-party appellant James B. Weidner, Esq., appeals from that part of the May 11, 1989 Order of the United States District Court for the Southern District of New York (Duffy, J.) which imposed a $5,000 sanction on him pursuant to Rule 11 of the Federal Rules of Civil Procedure. Weidner argues that the district court improperly concluded that papers filed by him on behalf of his client, Securities Industry Association ("SIA"), were "frivolous" within the meaning of Rule 11. We agree.
 
 
 2
 For the reasons stated below, that portion of the district court's order which imposed the sanction is reversed.
 
 BACKGROUND
 
 3
 The underlying action which gives rise to the present appeal was a suit brought by SIA, a national trade association representing securities brokers and investment bankers, against Robert L. Clarke, the Comptroller of the Currency ("the Comptroller"). SIA was represented by James B. Weidner, Esq., a partner in the New York law firm of Rogers and Wells. In 1987, the Comptroller ruled that Security Pacific National Bank ("SPN Bank") was not in violation of certain sections of the Banking Act of 1933, ch. 89, Pub.L. No. 73-66, 48 Stat. 162 (1933) (codified as amended in scattered sections of 12 U.S.C.), commonly referred to as the Glass-Steagall Act. Dissatisfied with the ruling, SIA filed suit against the Comptroller in the United States District Court for the Southern District of New York seeking declaratory and injunctive relief. The district court granted SIA's Fed.R.Civ.P. 56 motion for summary judgment. In so doing, the district court concluded that SPN Bank's proposed public offering of shares of private mortgage-backed pass-through certificates violated the Glass-Steagall Act's prohibitions against the underwriting of securities by national banks and all federally and state chartered depository institutions. See Securities Indus. Ass'n v. Clarke, 703 F.Supp. 256, 258-61 (S.D.N.Y.1988). On appeal, we vacated the order of the district court and remanded with instructions to dismiss SIA's complaint. See Securities Indus. Ass'n v. Clarke, 885 F.2d 1034, 1052 (2d Cir.1989).
 
 
 4
 Subsequent to the district court's order, but prior to our decision by which the order was vacated, Weidner filed a motion on behalf of SIA in the district court seeking supplemental injunctive relief. Specifically, SIA urged the district court to enjoin Citibank, N.A. and Citibank Delaware (collectively "Citibank") from engaging in the type of underwriting of securities it had declared illegal in its prior order. SIA did not seek to hold Citibank in contempt for violating the district court's order. Rather, it sought prospective relief pursuant to the All Writs Act, 28 U.S.C. Sec. 1651 (1982). SIA submitted a sixteen page Memorandum of Law in Support of Plaintiff's Motion for Supplemental Relief Required to Effectuate and Enforce this Court's Final Judgment ("Memorandum"). In the Memorandum, SIA argued that the All Writs Act authorized the district court to protect and effectuate its order by enjoining non-parties, such as Citibank, from participating in conduct previously held to violate the Glass-Steagall Act. SIA fashioned its argument upon, inter alia, the precedent of this court including Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863-65 (2d Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1527, 103 L.Ed.2d 833 (1989), and In re Baldwin-United Corp., 770 F.2d 328, 335-40 (2d Cir.1985). In response, Citibank suggested a more restrictive interpretation of the court's authority to join non-parties pursuant to the All Writs Act. Essentially, Citibank argued that its activity fell outside the scope of the All Writs Act since it was engaged in a wholly separate transaction that in no way involved the parties to the underlying action.
 
 
 5
 In a two-page order, dated May 11, 1989, the district court denied SIA's motion for supplemental relief. The district court stated that it understood the relief sought by SIA as a motion to hold Citibank in contempt. Based on this understanding, the district court rebuked SIA for not filing a new complaint naming Citibank as a party and serving a summons directing Citibank to answer pursuant to Fed.R.Civ.P. 4. In addition, the district court rejected SIA's legal argument on the ground that the All Writs Act only "extend[s] the jurisdiction and effect of a court order to a non-party when that non-party is somehow directly involved with both a party and a matter that are the subject of the underlying order." The district court concluded that SIA's motion was, therefore, "frivolous" within the meaning of Fed.R.Civ.P. 11. The court then imposed, sua sponte and apparently sine notificatione, a $5,000 sanction against Weidner individually. Weidner now appeals the imposition of the sanction.
 
 DISCUSSION
 
 6
 The central issue raised by this appeal is whether the district court improperly determined that SIA's position on the All Writs Act amounted to a "frivolous" legal argument. Where the question is whether a party's legal argumentation is "frivolous" within the meaning of Rule 11, we are in as good a position to determine the answer as the district court, and consequently the appropriate standard is de novo review. McMahon v. Shearson/American Express, Inc., 896 F.2d 17, 21 (2d Cir.1990); see also Cross & Cross Properties Ltd. v. Everett Allied Co., 886 F.2d 497, 504 (2d Cir.1989); Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 669, n. 1 (2d Cir.1989); Motown Productions, Inc. v. Cacomm, Inc., 849 F.2d 781, 784 (2d Cir.1988). Moreover, upon appellate review, we shall hold the imposition of Rule 11 sanctions warranted "where it is clear that ... under existing precedents there is no chance of success [and,] ... no reasonable argument has been advanced to extend, modify or reverse the law as it stands." International Shipping Co. v. Hydra Offshore, Inc., 875 F.2d 388, 390 (2d Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989). See also Cross & Cross, 886 F.2d at 504.
 
 
 7
 The conclusion that under existing precedents SIA either had no chance of success or failed to advance a reasonable argument is belied by an examination of the Memorandum. In the Memorandum, SIA proffered an analysis of the applicability of the All Writs Act based on, inter alia, past decisions of this court. For example, in Yonkers Racing, 858 F.2d at 863-65, we upheld the authority of the district court to invoke the residual jurisdictional power granted by the All Writs Act to remove certain landowners' proceedings from state court although the landowners were not parties to the underlying action. In addition, the Memorandum discusses In re Baldwin, 770 F.2d at 335-40, where we upheld the authority of the district court under the All Writs Act to enjoin the States from bringing actions that would affect the rights of members in a class-action suit against broker-dealers who sold securities in bankrupt corporations. We express no opinion as to whether SIA's position on the All Writs Act necessarily follows from the existing precedents. Nevertheless, in light of Yonkers Racing and In re Baldwin, we do not think it can be fairly said that SIA's motion had no chance of success or that its argument was patently unreasonable. Accordingly, we do not agree with the district court that SIA's motion was "frivolous" within the meaning of Rule 11.
 
 
 8
 A distinction must be drawn between a position which is "merely 'losing' " and one which is both "losing and sanctionable." Motown, 849 F.2d at 785. At the time that SIA made the motion for supplementary relief, it was simply seeking to extend the district court's original order. For as long as the original order remained in force, SIA had a clear right to entreat the district court to enjoin Citibank from participating in activity that the original order had ruled was in violation of the Glass-Steagall Act.
 
 
 9
 We, of course, eventually rejected the district court's interpretation of the Glass-Steagall Act, and thus rendered the argument concerning the district court's authority to enjoin non-parties moot. This does not imply that SIA's position was sanctionable albeit here consequently a losing one. Nor does our holding with regard to the Glass-Steagall Act, see Securities Industry, 885 F.2d at 1052, determine any position with regard to the applicability of the All Writs Act. We emphasize that we need not rule on the district court's interpretation of the All Writs Act in order to determine whether the sanction it imposed was warranted. Our conclusion that SIA's position was at least not frivolous suffices.
 
 
 10
 Moreover, it seems self-evident that when a particular point of law is unsettled, parties and (or) their attorneys need not accurately prognosticate the correct law in order to avoid sanctions. Here, it was enough that SIA crafted a reasonable position based on existing precedents and in good faith reliance on the district court's original order. Even if it is ultimately a losing one, such a position does not merit a Rule 11 sanction.
 
 
 11
 In framing Rule 11, Congress intended to provide a prophylactic against abuse of the adversary system by attorneys. See Fed.R.Civ.P. 11 Advisory Committee Note to 1983 Amendment. It did not, however, aim to design a disincentive to honest and effective representation of one's client. See id. On more than one occasion, we have "remind[ed] judges to refrain from imposing sanctions where such action would 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.' " Motown, 849 F.2d at 785 (quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985), cert. denied, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); see also Cross & Cross, 886 F.2d at 504. Today, we decline to stymie the necessary creativity, diligence and zeal involved in effective advocacy by our refusal to grant approbation to the Rule 11 sanction as imposed by the district court.
 
 
 12
 In addition, we note that the district court mischaracterized SIA's motion as one that sought to have Citibank held in contempt of the court's original order. Based on this mischaracterization, the district court concluded that SIA was required to initiate a new case under Fed.R.Civ.P. 4. According to the district court's analysis, SIA was propagating a "bizarre procedure" aimed at "piggy-backing" Citibank on to the district court's original order. In fact, SIA sought prospective relief under the All Writs Act. Consistent with the procedural requirements in an All Writs Act case, SIA fulfilled the notice requirement by service of its motion papers on Citibank. See In re Baldwin, 770 F.2d at 340. Thus, the district court's rebuke of SIA for not filing an entirely new complaint against Citibank was inappropriate.
 
 
 13
 Finally, we observe the absence in the record of any indication that in imposing the sanction, sua sponte, the district court gave notice to SIA or Weidner. A district court's failure to provide adequate notice and the opportunity to be heard would in itself provide the ground for reversal of an order imposing sanctions. See Sanko Steamship Co., Ltd. v. Galin, 835 F.2d 51, 52-53 (2d Cir.1987) (citing Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987)). Such a deprivation of the minimum due process cannot be overlooked.
 
 CONCLUSION
 
 14
 For all the reasons discussed above, we reverse that part of the order of the district court which imposed the Rule 11 sanction on James B. Weidner, Esq.