PHOTOCIRCUITS CORP., Plaintiff,

v.

MARATHON AGENTS, INC. and Trans Analysis Transportation, Defendants.

CV–94–1619 (ADS).

United States District Court, E.D. New York.

Aug. 3, 1995.

Brodsky, Altman & McMahon, New York City, for plaintiff; Ross M. Chinitz, of counsel.

Chernofsky & DeNoyelles, New York City, for defendant Marathon Agents, Inc.; Griffith G. DeNoyelles, Jr., of counsel.

Augello, Pezold & Hirschmann, P.C., Huntington, NY, for defendant Trans Analysis Transportation; George Carl Pezold, of counsel.

### DECISION AND ORDER

SPATT, District Judge.

Both defendants move for an order pursuant to Fed.R.Civ.P. 11(c) imposing sanctions against the plaintiff and/or counsel for the plaintiff on the grounds that the causes of action in the complaint were (1) brought for an improper purpose and (2) not supported by non-frivolous argument.

The basis for the defendants' motion are as follow: (1) there is no federal subject matter

jurisdiction for the causes of action in the complaint; (2) the complaint does not set forth any basis for federal court subject matter jurisdiction in violation of Fed.R.Civ.P. 8(a); (3) the civil action cover sheet contains three sections of the United States Code as the basis for federal jurisdiction, which are inapposite; (4) the plaintiff served its answer to interrogatories sixty days late; (5) with regard to federal subject matter jurisdiction, the plaintiff's answers to the relevant interrogatories were "not applicable"; (6) upon receipt of the Answer to Interrogatories, counsel for defendant Trans Analysis advised plaintiff's counsel of the inadequacy of the plaintiff's answers with regard to federal subject matter jurisdiction, and again specifically requested that the plaintiff: "... state whether plaintiff claims that there is federal jurisdiction over the subject matter of the complaint, and if so, identify the basis of such jurisdiction," which request was ignored by plaintiff's counsel; (7) the case was erroneously referred to arbitration because of carelessness on the part of the plaintiff's counsel; (8) the arbitrator "suggested" that each party "... send a brief statement addressing the basis for Federal subject matter jurisdiction in this case and the plaintiff's counsel failed to respond to this request; and (9) the plaintiff then moved to discontinue this Federal Court action so it could bring another action against the same defendants in State Court, which motion was granted over the objections of defendants' counsel, and the action was dismissed without prejudice.

Further, according to the defendants, since the plaintiff's "counsel" Robert J. Gallagher, Esq. of Northhampton, Massachusetts specializes exclusively in the field of transportation law, and is said to be "experienced and sophisticated" in this field, he should have known there was no federal subject matter jurisdiction in this case. In view of all these facts, the defendants' counsel states that "it can be inferred that the instant action was brought against the defendants in the hope of 'extorting' a payment as a settlement", such motivation constituting an improper purpose.

In response, the plaintiff's counsel cross-moved for an order pursuant to Fed.R.Civ.P.

11(c)(1) for sanctions against the defendants. Plaintiff's Counsel Ross M. Chinitz states that after a discussion with his co-counsel Gallagher "we agreed that there was a strong argument that Federal jurisdiction existed." However, according to plaintiff's counsel, after objections as to jurisdiction were raised, "although we still believed that the case could survive a jurisdictional challenge, we were concerned that we might end up litigating that issue for an extended period of time while the substantive issues languished. Thus, we chose to voluntarily dismiss the case and to refile it in State Court." In addition, in their memorandum of law, the plaintiff's counsel contend that, even if they made an error in incorrectly believing that federal jurisdiction existed, such error does not warrant the imposition of sanctions when their belief was reasonably based. Furthermore, under the revised Rule 11 the plaintiff's counsel contend that they are insulated against sanctions by the amended Rule 11 "safe harbor" provision, because they agreed to the dismissal of this Federal law suit after a potential violation was called to their attention. (See Advisory Committee's Notes to the Amendments of Federal Rules of Civil Procedure, adopted on April 22, 1993, effective December 1, 1993).

Plaintiff's counsel now cross-move for sanctions since they were forced to make a motion to dismiss without prejudice because their opponents would not stipulate to allow them to do so.

## DISCUSSION

### 1. Rule 11 Sanctions—Generally

Rule 11(b) and 11(c) of the Federal Rules of Civil Procedure provide, in relevant part, as follows:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or

to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). *It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim defense, contention, allegation, or denial is not withdrawn or appropriately corrected.* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion ..." (emphasis supplied).

■ The central goal of Rule 11 sanctions is the deterrence of baseless filings and the curbing of abuses. *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990); *Caisse Nationale de Credit Agricole–CNCA v. Valcorp,* 28 F.3d 259 (2d Cir.1994); *McMahon v. Shearson/American Express, Inc.,* 896 F.2d 17, 21 (2d Cir.1990) (Rule 11 was enacted to "discourag[e] dilatory and abusive litigation tactics and eliminat[e] frivolous claims and defenses, thereby speeding up and reducing the costs of the litigation process.").

A district court, however, should not impose sanctions so as to chill creativity or stifle enthusiasm or advocacy. *See Securities Indus. Ass'n v. Clarke,* 898 F.2d 318, 322 (2d Cir.1990). Rather, as Rule 11(c)(2) provides, the primary principle in imposing sanctions is that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons. *See Note on Advisory Committee to Rule 11,* 1993 Amendments; accord *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 392 (2d Cir.) (Rule 11 empowers a court with broad discretion to award that portion of an attorney's fee thought reasonable to serve the sanctioning purpose of the Rule), *cert. denied,* 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989).

■ In the final analysis, the imposition of sanctions by the Court and the determination of the amount of the sanction is left to the court's discretion. *Caisse Nationale,* 28 F.3d at 264; *Eastway Constr. Corp. v. City of New York,* 821 F.2d 121, 123 (2d Cir.), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

## 2. *The 1993 Amendment*

An amended version of Rule 11 came into effect on December 1, 1993, prior to the filing of this law suit. Thus, the amended version is applicable to the determination of these motions. The 1993 amendment to Rule 11 is "intended to remedy problems that had arisen" under the 1983 version and is expected to "reduce the number of motions for sanctions presented to the Court." Advisory Committee note in 1993 amendment. Significantly, The amended Rule 11 provides procedural safeguards to enable parties to avoid sanctions. See 2A Moore's Federal Practice § 11.02(1) at 11–23 (2d ed 1994).

In *Hadges & Kunstler v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327–28 (2d Cir.1995) the Second Circuit commented on the amendment, as follows:

Of particular relevance here, the 1993 amendment establishes a "safe harbor" of 21 days during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanction. Fed.R.Civ.P. 11(c)(1)(A).

In *Hadges,* an award of sanctions was reversed, in part, because "there is no evidence in the record indicating that YRC served Hadges with the request for sanctions 21 days before presenting it to the Court. Thus, YRC denied Hadges the 'safe harbor' period that the current version of the rule specifically mandates.... If Hadges had received the benefit of the safe-harbor period, the record indicates that he would have withdrawn or appropriately corrected his misstatements, thus avoiding sanctions altogether." *Id.* at 1328 (citations omitted).

The effect of this amendment of Rule 11 is to reverse the result in cases such as *Cooter & Gell v. Hartmarx Corp., supra.* In *Cooter* the challenged paper was not only withdrawn but, since the paper was the complaint, the entire case was dismissed promptly following service of a Rule 11 motion—nevertheless, sanctions were imposed years later. This "safe harbor" provision has the salutary effect of providing appropriate due process considerations to sanction litigation, reducing Rule 11 volume and eliminating abuses proscribed by this Rule.

Relating these principles of law to the facts of this case, the record reveals that the complaint in this action was filed on April 11, 1994. The answer of Trans Analysis was filed on May 18, 1994 and the Marathon answer on or about June 21, 1994. The answers to the interrogatories, complained of by the defendants were filed on or about September 30, 1994. By letter dated October 4, 1994, only 3½ months after issue was joined, the plaintiff's counsel forwarded to defendants' counsel a proposed stipulation dismissing the complaint without prejudice. The defendants refused to sign this stipulation and, ultimately, the Court issued an order dismissing this action without prejudice on November 18, 1994. In this order the Court granted leave to the defendants "to move for sanctions pursuant to Fed. R.Civ.P. 11, if they desire to do so."

■ The conduct of the plaintiff's counsel in filing a complaint without setting forth a federal jurisdictional basis; in dodging a federal jurisdiction response in their answers to the interrogatories; and in failing to respond to the arbitrator's request on that subject, was improper. If not for the December 1993 "safe harbor" amendment to Rule 11, the Court would have seriously considered imposing sanctions on both plaintiff's counsel under Rule 11.

However, the amendment to Rule 11 was designed to permit transgressors, such as the plaintiff's counsel, an opportunity to avoid sanctions by withdrawing the offending complaint. In this case the plaintiff's counsel did afford themselves of this "second chance" and did voluntarily withdraw the complaint. Significantly, they withdrew the complaint prior to the filing of any motion for sanctions.

■ The defendants' counsel contend that they are not bound by the "safe harbor" provision because this Court granted leave to them to move for sanctions "if they desire to do so". The Court disagrees. The granting of such leave in no way was intended, nor could it, circumvent the amended provisions of Rule 11. In fact, this Court could not prevent the defendant's counsel from *making* such a motion.

■ The defendants also contend that "the plaintiff had many more than 21 days to withdraw or correct the challenged material." This argument is totally misplaced since the rule providing for the 21 day "safe harbor" period expressly states that the "safe harbor" period is "21 days after service of the motion."

In sum, the amended Rule 11 provides that the offending attorney or party shall be given 21 days after service of the motion for sanctions to withdraw the complaint. In this case, the complaint was voluntarily withdrawn prior to the filing of the motion, which act immunized plaintiff's counsel. Accordingly, the motion by both defendants to impose sanctions against the plaintiff or plaintiff's counsel, is denied.

In addition, the cross-motion by the plaintiff's counsel for sanctions against the defendants is totally without merit and is also denied.