**Johnetta N. MURRAY, Plaintiff,**

v.

**BOARD OF EDUCATION OF THE CITY OF NEW YORK, Carmen Russo, Leonard Wolff, and Martin Weisel, Defendants.**

**No. 91 Civ. 6950(PKL).**

United States District Court, S.D. New York.

May 19, 2000.

Johnetta N. Murray, Kew Gardens, N.Y., pro se.

Christopher P. Nelson, Cahill, Gordon & Reindel, New York City, Matthew A. Leish, Davis Wright Tremaine LLP, New York City, for plaintiff.

Stuart P. Gelberg, Garden City, NY, trustee.

Vincent D'Orazio, Victor A. Kovner, Corporation Counsel of NYC, New York City, for defendants.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

Plaintiff commenced this employment discrimination suit in 1991, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 & 1983. Now before the Court is defendants' motion for summary judgment dismissing plaintiff's case, citing her failure to list this cause of action as an asset in two Chapter 13 bankruptcy proceedings that were completed during the pendency of this suit.[1] In September 1999, defendants requested a pre-motion conference to discuss bringing a motion on these grounds. On October 12, 1999, with a court reporter present, the Court advised defendants that, while they were entitled to bring any motion permitted by the Federal Rules of Civil Procedure, this motion was unlikely to succeed on its merits and perhaps

---

1. Plaintiff filed her first voluntary petition seeking protection under Chapter 13 of the Bankruptcy Code on May 8, 1991, prior to the commencement of this suit. *See* Defs.' Br. at 2. On May 11, 1994, the United States Bankruptcy Court for the Eastern District of New York granted plaintiff's application for a hardship discharge, resulting in unpaid debts totaling $20,387.00. *See id.* at 3. In September 1994, plaintiff filed a second voluntary petition seeking protection under Chapter 13. *See id.* On May 6, 1999, the Bankruptcy Court discharged the second bankruptcy proceeding. *See id.* at 4.

should not be brought. The Court granted a request by defendants' counsel for leave to speak with his supervisor and determine whether the motion should ultimately be brought. At a pre-trial conference on February 24, 2000, defendants informed the Court that they were still considering the issue. The Court ordered defendants to bring their motion, if at all, no later than March 24, 2000, but again cautioned defendants that the motion was unlikely to succeed, and that the Court would invite plaintiff to seek her costs in opposing the motion if defendants were unsuccessful. On March 24, defendants served plaintiff with the instant motion, and, pursuant to a scheduling order issued by the Court on March 28, 2000, the motion was fully submitted to the Court on April 21, 2000.

At issue is whether plaintiff may maintain this action against defendants, in light of her undisputed failure to list the case on her schedule of assets in each of two Chapter 13 proceedings. Defendants initially argued that plaintiff lacked standing to maintain this suit, suggesting that the bankruptcy trustee was the only party with standing to do so. Although they have not abandoned this argument entirely, defendants appear to be retreating from it in favor of a judicial estoppel rationale. Because neither approach has a basis in law or fact, defendants' motion is denied.

Plaintiff's suit has been pending since 1991. In 1997, the Court granted in part and denied in part defendants' motion for summary judgment on the merits of the case, and the parties were ordered to prepare for trial. On the eve of trial, however, defendants raised the issue of plaintiff's failure to list this cause of action as an asset in her bankruptcy proceedings. The Court informed defendants that it believed this motion to be without merit, and urged the parties to proceed toward trial of this very old case. At the same time, plaintiff indicated to the Court that she would willingly reopen her bankruptcy and list this

case as an asset, if that were necessary for her to continue to maintain her suit.

Notwithstanding plaintiff's common-sense offer to resolve these concerns and proceed with her civil suit, and the Court's exhortation to the same effect, defendants have persisted in their argument that, because of the manner in which she handled her bankruptcies, plaintiff may no longer pursue these discrimination claims. In support of their position, defendants rely largely on the same authority the Court informed them was inapposite during a pre-motion conference seven months ago.

██ As the Court noted during the October 1999 conference, defendants are incorrect in arguing that plaintiff lacks standing to maintain this suit. While Chapter 7 and Chapter 11 debtors lose standing to maintain civil suits—which must be brought and/or maintained by their bankruptcy trustees—it is clear that Chapter 13 debtors like plaintiff are not subject to this restriction. *See Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513 (2d Cir.1998) (holding that, because Chapter 13 bankruptcy involves repayment of debts through future earnings rather than current assets, Chapter 13 debtor retains standing to maintain any civil suit that may be pending). In defense of her right to maintain this suit, plaintiff notes that, even in Chapter 7 and Chapter 11 cases, a plaintiff's *inadvertent* failure to list a pending civil suit on the schedule of assets does not bar the suit. *See, e.g., Reciprocal Merchandising Servs., Inc. v. All Advertising Assoc., Inc.*, 163 B.R. 689, 696–97 (S.D.N.Y.1994).

██ In response, defendants argue that plaintiff's failure to include this suit on her schedule of assets was not inadvertent, but wilful and deliberate. Although such a position, if supported by the facts, might be persuasive in the context of a Chapter 7 or Chapter 11 bankruptcy, it is irrelevant to the context of Chapter 13, under which both of plaintiff's bankruptcy petitions were filed. Thus, following the Second Circuit's clear holding in *Olick*, the Court

finds that plaintiff retains standing to maintain the instant suit, and defendants are not entitled to summary judgment on the basis of their legally untenable standing argument.

■ Defendants further argue that plaintiff is judicially estopped from pursuing her discrimination claims, by virtue of her alleged position before the Bankruptcy Court that no such claims existed. In support of this argument, defendants refer to cases in which "courts have invoked judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." Defs.' Br. at 7. Defendants quote an opinion from this District for the proposition that " '[t]he courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist then subsequently to assert those claims for his own benefit in a separate proceeding.' " *Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y.1996).

The Court is not persuaded by this argument. Defendants' judicial estoppel defense cannot succeed, absent a showing that plaintiff acted in bad faith or with intent to mislead the Court. *See United States v. Hussein,* 178 F.3d 125, 130 (2d Cir.1999). Plaintiff maintains that her failure to list this case as an asset was an inadvertent omission. Defendants persist in their *ad hominem* attacks to the contrary, asserting—but never substantiating by credible evidence—that plaintiff's omission was calculated and deliberate. Defendants' position is even more troubling in the summary judgment context, where the Court must construe the facts in the light most favorable to plaintiff.

The cases cited by defendants involve factually distinct circumstances in which a plaintiff was precluded from pursuing claims that had been deliberately concealed from the plaintiff's creditors, and

where a judgment in the plaintiff's favor would have undermined the bankruptcy process and the rights of the creditors. In the case at bar, however, plaintiff does not dispute that her action should have been scheduled as an asset, and as early as September 1999 represented to the Court that she would seek to reopen her bankruptcy and amend her schedule of assets if necessary. While this motion was pending, however, defendants took the peculiar step of themselves notifying plaintiff's Chapter 13 trustee, Stuart P. Gelberg, of plaintiff's failure to list this suit as an asset. Consequently, on April 10, 2000, Mr. Gelberg moved to reopen plaintiff's bankruptcy, and on May 2, 2000, a hearing was held before the Honorable Conrad B. Duberstein, Chief Judge of the United States Bankruptcy Court for the Eastern District of New York. On May 10, Judge Duberstein granted the Trustee's motion, ordering that plaintiff's Chapter 13 case be reopened pursuant to 11 U.S.C. § 350(b). *See In re Johnetta Murray,* No. 191–12934–260 (Bankr.E.D.N.Y. May 10, 2000).

In light of this development, defendants' judicial estoppel argument is not only unsupported by law, but illogical. Defendants' supposed rationale for seeking dismissal of plaintiff's suit is to preclude her from profiting at the expense of her creditors. But because Judge Duberstein's order makes the proceeds from any settlement or jury award in this suit available to the Trustee, dismissal of plaintiff's case is hardly in the interest of her creditors. The Court does not doubt that defendants would like to see plaintiff's suit dismissed, but their suggestion that they are motivated by concern for plaintiff's creditors rings hollow. For these reasons, defendants' motion for summary judgment dismissing plaintiff's action is denied.[2]

Because plaintiff's failure to list this cause of action as an asset in her bankruptcy—whether intentional or unintentional—has been cured by recent develop-

---

**2.** Defendants make a third, subsidiary argument that the Court should consider a counterfactual scenario involving what might have happened if plaintiff had originally listed this

suit on her schedule of assets. Defendants first assume that the settlement value of this case is sufficiently high that, had plaintiff listed it as an asset, plaintiff's assets would

ments in her bankruptcy case, no harm will come to her creditors by permitting this suit to proceed. On the contrary, the reopening of her bankruptcy to add this suit to her schedule of assets works to the benefit of her creditors, as does the Court's decision to allow this case to go forward.

Accordingly, for the reasons stated herein, defendants' motion for summary judgment is DENIED with prejudice, and the Court invites plaintiff to bring a formal motion for costs and reasonable attorneys' fees associated with her opposition of this motion. The parties' amended joint pretrial order, due on May 5, 2000, has not been received by the Court. The pre-trial order, trial briefs, and proposed jury charge and voir dire are due immediately, and failure to submit them in a timely fashion will result in sanctions.

**SO ORDERED.**

have exceeded her debts, and the Bankruptcy Court would have converted her bankruptcy from Chapter 13 to either Chapter 7 or Chapter 11, at which point plaintiff would lose standing to maintain this suit. Defendants offer no authority for this novel approach, which the Court finds wholly unconvincing. As an elementary matter, the Court can only consider the situation before it—not some hypothetical, alternative scenario posed by a litigant. Even assuming, *arguendo*, that the Court could properly entertain such conjecture, the logical result of the alternate scenario is the conversion of plaintiff's bankruptcy to Chapter 7 or Chapter 11, wherein the Trustee would have assumed control of plaintiff's cause of action. Given defendants' own estimate of the value of plaintiff's claims, the Trustee clearly would not have declined to prosecute them.