Johnetta N. MURRAY, Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF NEW YORK, Carmen Russo, and Leonard Wolff, Defendants.

No. 91 CIV. 6950(PKL).

United States District Court,
S.D. New York.

Aug. 17, 2000.

Johnetta N. Murray, Kew Gardens, NY, Pro se.

Christopher P. Nelson, Cahill Gordon & Reindel, Matthew A. Leish, Davis Wright Tremaine LLP, New York City, for Plaintiff.

Vincent D'Orazio, Victor A. Kovner, Corporation Counsel of NYC, New York City, for Defendants.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

Citing Rules 11(b) and 56(g) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power, plaintiff brings this motion for attorneys' fees and costs incurred in opposing defendants' recent motion for summary judgment. For the reasons stated herein, plaintiff's application is denied.

## BACKGROUND

In August 1999, this employment discrimination action was marked ready for trial, following a tortured history of almost nine years. On the eve of trial, defendants' counsel requested a conference before the Court to discuss the possibility of bringing a second motion for summary judgment in this case, this time on the ground that plaintiff had failed to list this lawsuit on her schedule of assets in two Chapter 13 bankruptcy proceedings. Based on its view of the controlling authorities and the belatedness of defendants' request, the Court warned counsel that such a motion was unlikely to succeed, but indicated that the Court could not prevent defendants from bringing any motion they were entitled to bring under the Federal Rules of Civil Procedure. *See, e.g., Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 935–36 (2d Cir.1992); *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir.1987). Nonetheless, the Court warned defendants that it would invite plaintiff to seek attorneys' fees and costs in the event defendants ultimately brought the motion and did not prevail.

■ A period of months passed, during which defendants' counsel was to inform the Court whether he intended to bring this motion. Although the chronology of events recounted by defendants is somewhat distorted, suffice it to say that counsel fell under the misapprehension that the Court had told him not to bring the motion. Accordingly, defendants assigned the matter to another Assistant Corporation Counsel, Phyllis Calistro, Esq., for purposes of trial. Months later, Ms. Calistro mentioned to the Court that her predecessor, Paul Aronson, Esq., believed the proposed summary judgment motion was of substantial merit, but was of the view that the Court had forbidden him to bring it. Correcting defendants' misperception both of the statements of this Court and the law in this Circuit,[1] the Court indicated that defendants remained free to file such a motion, but again warned that plaintiff would be invited to seek costs and fees if defendants filed it and did not prevail.

Needless to say, defendants brought their motion, which the Court ultimately denied in a Memorandum Opinion dated May 18, 2000. *See Murray v. Board of Educ. of City of New York,* 248 B.R. 484 (S.D.N.Y.2000). In its Opinion, the Court invited plaintiff to bring the instant motion for costs and fees associated with her opposition of the summary judgment motion. *See id.,* 248 B.R. at 488.

## DISCUSSION

Although the Court finds that formal sanctions are not warranted in this case, the Court notes at the outset its displeasure with the conduct of defendants' attorneys over the course of the past year. Through their inadequate handling of this matter, defense counsel have served to delay the progress of this very old case by an entire year. Nonetheless, the Court's displeasure, by itself, is inadequate to justify the imposition of sanctions. Although the manner in which counsel have advanced their bankruptcy argument has resulted in real delays and the exasperation of both the Court and plaintiff's counsel, neither of these considerations justifies the imposition of sanctions.

■ "The imposition of sanctions and the determination of the amount of the sanctions are matters left to the district court's discretion and are not to be disturbed absent an abuse of that discretion." *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 88 (2d Cir.1998). In support of her motion for costs and fees, plaintiff relies on

---

**1.** "Although it is within the judge's discretion to hold a pre-motion conference for the purpose of persuading a party not to file a perceived meritless motion, the judge may not require the court's permission be secured at such a conference before a party may file the motion." *Milltex Industries Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 39 (2d Cir.1995) (internal citations omitted).

Fed.R.Civ.P. 11(b) and 56(g), 28 U.S.C. § 1927, and the Court's inherent power. Because the legal standard under each of these sources of authority is distinct, *see, e.g., Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 96 (2d Cir.1997), the Court considers each in turn.

■ To impose sanctions under Rule 11(b), the Court must find that defendants' counsel acted in an objectively unreasonable fashion by bringing and litigating defendants' motion for summary judgment. *See* Fed.R.Civ.P. 11(b). Although the Court has made clear its displeasure with the precise fashion in which defendants pursued the issue of plaintiff's bankruptcy, the Court cannot say that it was objectively unreasonable for defendants to bring their motion and enlighten the Court as to these important considerations. Most relevant here are subsections (b)(1) and (b)(2) of Rule 11. The former binds an attorney to an implicit certification that the motion he is bringing "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R.Civ.P. 11(b)(1). Because the Court finds that defendants' primary purpose in bringing the motion was a legitimate one— namely, to ensure that the Court did not enable plaintiff to shield a windfall from her creditors—sanctions are not justified under this provision.

Rule 11(b)(2) involves an attorney's implicit certification that "the claims, defenses, and other legal contentions" in his motion "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R.Civ.P. 11(b)(2). Although defendants' arguments did not prevail, it was not patently unreasonable for defendants to argue that, as a matter of public policy, Chapter 13 debtors who attempt to shield civil lawsuits from their creditors ought to be treated like Chapter 7 and Chapter 11 debtors. While the Court declined to endorse defendants' view of the law, it cannot

say that their approach was objectively unreasonable. *See Salovaara v. Eckert,* 222 F.3d 19, 33 (although "faulty," attorney's positions "were not so untenable as a matter of law as to necessitate sanction," nor did they "constitute the type of abuse of the adversary system that Rule 11 was designed to guard against") (internal citations omitted); *see also Securities Indus. Ass'n v. Clarke,* 898 F.2d 318, 321 (2d Cir.1990) ("A distinction must be drawn between a position which is merely losing, and one which is both losing and sanctionable.") Accordingly, the Court finds that sanctions are unwarranted under Rule 11(b).

Section 1927 of Title 28, United States Code, authorizes the courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Second Circuit has made clear that § 1927 requires a stronger showing than Rule 11, insofar as "[a]n award of sanctions pursuant to § 1927 must be accompanied by a finding of bad faith." *MacDraw, Inc. v. CIT Group Equip. Fin. Inc.,* 73 F.3d 1253, 1261 (2d Cir.1996); *see also Ted Lapidus,* 112 F.3d at 96. Based on the submissions of the parties and the Court's own perception of developments in this case, the Court finds that defendants' motion for summary judgment was brought in good faith, if handled somewhat clumsily. Given the absence of bad faith on the part of defendants' counsel, sanctions are inappropriate under § 1927. For the same reason, sanctions are unavailable under Rule 56(g), which authorizes the courts to impose sanctions for affidavits "presented in bad faith or solely for the purpose of delay" in the context of a summary judgment motion.

Finally, plaintiff urges the Court to exercise its "inherent power" to impose sanctions. *See* Pl. Br. at 3; *see also Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 78 (2d Cir.2000) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). The Court declines to

exercise this entirely discretionary power. The Court finds that defendants acted in the interests of justice in their attempt to ensure that plaintiff did not shield the value of this lawsuit from her creditors, potentially enjoying a windfall while her creditors received pennies on the dollar for her debts. The Court clearly finds fault with the manner in which defendants effected this purpose, but cannot fairly say that defendants acted with the primary intent to frustrate the progress of this litigation.

One year ago, the Court was unaware of the two bankruptcy proceedings in which plaintiff was involved during the pendency of the instant case. Through defendants' efforts, not only has the Court been made aware of the relationship between plaintiff's bankruptcy and this case, but the bankruptcy trustee has been alerted to the consideration and has successfully sought to reopen the bankruptcy case and is further seeking to convert it to a Chapter 7 proceeding to ensure that the value of plaintiffs' claims does not elude her creditors. Although these considerations did not warrant dismissal of plaintiff's discrimination claims, the Court finds that the interests of justice were nonetheless served by defendants' efforts to ensure

that the Court was not complicit in plaintiff's act—whether intentional or unintentional—of depriving her creditors of the value of this suit.[2]

The Court will not give undue consideration to how defendants might have effected this purpose in a more expeditious and direct fashion, other than to say that bringing this motion was far from the mark. But the Court finds it would be unfair to penalize defendants for, even hamhandedly, endeavoring to prevent an injustice from occurring in this Court.

For the reasons stated herein, plaintiff's application for attorney's fees and costs is denied in its entirety.

SO ORDERED.

---

**2.** In denying defendants' motion for summary judgment, the Court noted the impropriety of defendants' unsubstantiated, *ad hominem* assertions that plaintiff had *wilfully* failed to list this lawsuit on her schedule of assets, so as to shield its value from her creditors. *See Murray*, 248 B.R. at 487. As the non-moving party in the summary judgment context, plaintiff was entitled to an inference that, absent evidence to the contrary, her omission was unintentional. On her motion for fees and costs, however, plaintiff does not enjoy the benefit of the same inference. In September 1999, plaintiff indicated to the Court her willingness to have her bankruptcy proceeding reopened so that she could list the instant lawsuit as an asset and proceed with this action. Although the Court was initially impressed by plaintiff's cooperative stance, this is perhaps an illustration of the old maxim that actions speak louder than words. From September 1999, when plaintiff ostensibly learned of her obligation to list this lawsuit as an asset in bankruptcy, until May 2000, when

defendants' motion for summary judgment was filed, plaintiff made no effort to inform the bankruptcy trustee of this suit. Indeed, it was from *defendants* that the trustee ultimately learned of plaintiff's discrimination suit, whereupon the trustee successfully sought to reopen plaintiff's bankruptcy case. The trustee, now of the belief that plaintiff has no intention "to voluntarily turn over ... the net proceeds from her discrimination law suit," has moved to convert plaintiff's bankruptcy from Chapter 13 to Chapter 7, so that the value of the suit is available to plaintiff's creditors. Affirmation of Stuart P. Gelberg, Esq., Trustee, dated May 16, 2000. The trustee's doubt of plaintiff's good intentions, coupled with defendants' account of their conversation with plaintiff's former bankruptcy counsel, leaves the Court to wonder whether—but for defendants' efforts to bring the bankruptcy issue to light—plaintiff might have enlisted the assistance of this Court in perpetrating a grave injustice.