# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-30330

———

HELEN C. ALLEN; ROBERT E. ALLEN,

      Plaintiffs - Appellants

v.

C & H DISTRIBUTORS, L.L.C.; KK AMERICA CORPORATION;
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA;
ERGOCRAFT CONTRACT SOLUTIONS; GREAT AMERICAN INSURANCE
COMPANY,

      Defendants - Appellees

———

Appeal from the United States District Court
for the Western District of Louisiana

———

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

Before STEWART, Chief Judge, and KING and HIGGINSON, Circuit Judges.

KING, Circuit Judge:

Plaintiffs–Appellants Helen and Robert Allen filed a personal injury suit against Defendants for alleged workplace injuries to Helen Allen. Defendants moved for summary judgment, contending that the suit should be barred by judicial estoppel because the Allens failed to disclose the personal injury claim during their concurrent Chapter 13 bankruptcy proceeding. The district court granted the motion for summary judgment, and the Allens appeal. As modified herein, we AFFIRM the judgment of the district court.

No. 15-30330

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2009, Robert and Helen Allen filed for Chapter 13 bankruptcy.  The bankruptcy court confirmed the original Chapter 13 Plan (the Plan) on September 29, 2009.  In the nearly five years that the bankruptcy court administered the Allens' bankruptcy, the Allens amended the Plan three times, first on January 11, 2011, then on December 19, 2011, and finally on January 17, 2013.  On April 21, 2014, the bankruptcy court closed the Allens' Chapter 13 bankruptcy case without discharge because the Allens failed to file required documentation showing that they had completed an instructional course on personal financial management.

On October 21, 2010, the Allens filed an unrelated personal injury suit against C&H Distributors, K+K America Corporation, Ergocraft, Inc., and Travelers Property Casualty Company of America (Defendants[1]) in the United States District Court for the Western District of Louisiana, invoking that court's diversity jurisdiction.  The suit alleged that one year earlier, on October 21, 2009, Helen Allen was seriously and permanently injured at her work when the stool she was sitting on broke apart.  This incident occurred after the initial confirmation of the Plan but before all three amendments to the Plan.  Trial in the personal injury suit was ultimately set for September 15, 2014.

On February 9, 2011, the State of Louisiana moved for leave to intervene in the personal injury suit because it had made workers' compensation payments to Helen Allen.  The district court denied the State's motion to intervene, noting that allowing the State to intervene as a party would destroy the court's diversity jurisdiction.[2]  Because the case could not be remanded to

---

[1] While the suit originally named Ergocraft, Inc. as a defendant, the Allens subsequently filed an amended complaint naming Ergocraft Contract Solutions as a defendant.  Ergocraft, Inc. was subsequently dismissed as a defendant to the action.

[2] "Ordinarily '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity

No. 15-30330

state court and dismissal of the case would raise a timeliness issue,[3] the district court suggested that the State and the Allens "reach an arrangement by which the State's worker[s'] compensation interest will be protected without the need for the State to formally intervene in this case." On November 15, 2011, the Allens and the State filed a joint stipulation with the district court, detailing how the State would be reimbursed for its workers' compensation payments from any judgment or settlement the Allens' received in the suit.

On September 2, 2014, Defendants moved for leave to file a late supplemental motion for summary judgment in the personal injury suit. Defendants contended that on August 29, 2014, they first learned of the Allens' Chapter 13 bankruptcy proceeding. However, the Allens failed to disclose the existence of the prior bankruptcy in response to interrogatories. The district court granted Defendants leave to file, and Defendants subsequently moved for summary judgment, contending that the Allens' personal injury claim was barred by judicial estoppel because the Allens had never disclosed the personal injury suit to the bankruptcy court. On December 3, 2014, the Allens moved to strike the supplemental motion for summary judgment, contending that counsel for Ergocraft had acknowledged that he knew of the Allens' bankruptcy as early as March 28, 2012, even though Defendants alleged in their motion that they had first learned of the bankruptcy case on August 29, 2014.

On March 26, 2015, the district court granted Defendants' supplemental motion for summary judgment, finding that judicial estoppel barred the Allens from pursuing their personal injury claim. Accordingly, the court dismissed

---

jurisdiction.'" *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006) (quoting *Tex. Dep't of Hous. & Cmty. Affairs v. Verez Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995)).

[3] Remand to a state court was not possible because this case was never filed in state court. Dismissal would have resulted in a timeliness issue because the Allens originally filed their case on the last day permitted under the relevant liberative prescription. *See* La. Civ. Code Ann. art. 3492.

No. 15-30330

the Allens' claims with prejudice. The court noted, however, that the dismissal was without prejudice "to the rights of a Chapter 7 trustee to pursue the claims if the Allens' bankruptcy case is reopened and converted to a Chapter 7 liquidation." The district court also denied the Allens' motion to strike. The Allens timely appealed the district court's final judgment and the denial of their motion to strike.[4]

## II. STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 753 (5th Cir. 2011). "But, because 'judicial estoppel is an equitable doctrine, and the decision whether to invoke it [is] within the court's discretion, we review for abuse of discretion' the lower court's decision to invoke [this doctrine]." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999)). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003); *accord Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012).

## III.  JUDICIAL ESTOPPEL

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Superior Crewboats Inc. v.*

---

[4] The district court did not err in denying the motion to strike. The Allens argued that the supplemental motion for summary judgment should have been struck because Ergocraft had known of the Allens' bankruptcy as early as March 28, 2012. However, the district court "may invoke the [judicial estoppel] doctrine sua sponte" and therefore "the court is not bound to accept a party's apparent waiver of the doctrine." 18 *Moore's Federal Practice* § 134.34 (3d ed. 2015). Thus, the district court did not abuse its discretion in denying the Allens' motion to strike. *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) ("We review a district court's ruling on a motion to strike for abuse of discretion.").

*Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334 (5th Cir. 2004); *accord* 18 *Moore's Federal Practice* § 134.30 (3d ed. 2015).  The doctrine's purpose "is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *In re Coastal Plains, Inc.*, 179 F.3d at 205 (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)).  "Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir. 2013).  We address each of those elements in turn and find that each element is satisfied in this case.

### A. Inconsistent Legal Position

The first element of judicial estoppel requires that a party "assert[] a legal position that is plainly inconsistent with a prior position." *Id.*  As we have previously recognized, "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." *Id.*  Moreover, "debtors have a duty to disclose to the bankruptcy court" whether post-confirmation assets are treated as property of the estate or vested in the debtor. *See id.* at 130 (noting that this duty is "notwithstanding uncertainty").  This is because "[w]hether a particular asset should be available to satisfy creditors is often a contested issue, and the debtor's duty to disclose assets—even where he has a colorable theory for why those assets should be shielded from creditors—allows that issue to be decided as part of the orderly bankruptcy process." *Id.*  Here, the Allens never disclosed the existence of their personal injury suit to the bankruptcy court, even though they amended the Plan three separate times after filing the personal injury suit.  "Because [the Allens] had an affirmative duty to disclose [their] personal-injury claim to the bankruptcy court and did

not do so, [they] impliedly represented that [they] had no such claim." *Id.*; *see also In re Superior Crewboats, Inc.*, 374 F.3d at 335 ("[T]he [debtors'] omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed."). Thus, "[s]uch blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *In re Superior Crewboats, Inc.*, 374 F.3d at 335.

### B. Judicial Acceptance

The second element of judicial estoppel, judicial acceptance, is also satisfied in this case. The judicial acceptance element "ensures that judicial estoppel is only applied in situations where the integrity of the judiciary is jeopardized." *Wells Fargo Bank, N.A. v. Oparaji (In re Oparaji)*, 698 F.3d 231, 237 (5th Cir. 2012). "Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent results exists." *Id.* (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).[5] However, judicial acceptance "does not require a formal judgment; rather, it only requires 'that the first court has adopted the positon urged by the party, either as a preliminary matter or as part of a final disposition.'" *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (quoting *In re Coastal Plains*, 179 F.3d at 206)). Accordingly, the Allens' failure to disclose their personal injury claim led to the bankruptcy court accepting the inconsistent position that there was no such claim. *See In re Flugence*, 738 F.3d at 130 (holding that the judicial acceptance element was satisfied when "the bankruptcy court accepted

---

[5] In dicta, this court has discussed whether *dismissal* of a bankruptcy without discharge constitutes a revocation of acceptance. *In re Oparaji*, 698 F.3d at 238. However, "[i]n bankruptcy, case closing is a concept distinct from case dismissal," *Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 65 (B.A.P. 6th Cir. 2004) (citing *Armel Laminates, Inc. v. The Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982)), and the Allens have failed to raise any revocation of acceptance argument on appeal, *See Rana v. Holder*, 654 F.3d 547, 549 n.3 (5th Cir. 2011) ("[The party] has not raised that argument before this court, so it is waived.").

the prior position by omitting any reference to the personal-injury claim in the modified plan" because "[h]ad the court been aware of the claim, it may well have altered the plan"). The second element of judicial acceptance is therefore satisfied.

### C. Inadvertence

Finally, the third element of judicial estoppel is met in this case. Judicial estoppel does not apply if the party acted inadvertently. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600–01 (5th Cir. 2005). The Allens can establish inadvertence by proving "either that [they] did not know of the inconsistent position or that [they] had no motive to conceal it from the court." *Id.* at 601.

To prove lack of knowledge, the Allens "must show not that [they were] unaware that [they] had a duty to disclose [their] claims but that . . . [they] were] unaware of the facts giving rise to them." *In re Flugence*, 738 F.3d at 130. Consequently, the "controlling inquiry . . . is the know[ledge] of facts giving rise to inconsistent positions." *Id.* (quoting *Jethroe*, 412 F.3d at 601 n.4). The Allens contend that when they filed their original bankruptcy petition in July 2009, they were unaware of the personal injury claim because the incident underlying that claim occurred in October 2009. However, the Allens subsequently amended the Plan several times post-confirmation when they had "a continuing obligation to disclose post-petition causes of action." *Id.* at 129. Moreover, that the Allens "did not know that bankruptcy law required disclosure . . . is, according to our precedents, irrelevant." *Id.* at 131. Because the Allens knew of the facts underlying the personal injury claim during the pendency of the bankruptcy proceedings, they cannot satisfy the "lack of knowledge" element of inadvertence.

A debtor's failure to disclose assets is also inadvertent if the debtor "has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210. To determine whether a motive existed, the inquiry focuses on whether the Allens

had a "motive to conceal [their] claims" during the pendency of the bankruptcy proceedings.  *See Love*, 677 F.3d at 263 (clarifying that the "relevant time frame for the judicial estoppel analysis" is "*at the time* [*the debtor*] *failed to meet his disclosure obligations*").  A debtor possesses the requisite motivation if concealing the claim allows the debtor to "reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." *In re Superior Crewboats, Inc.*, 374 F.3d at 336.  We have previously noted that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court" because the "potential financial benefit resulting from the nondisclosure" makes the motivation in this context self-evident.  *Love*, 677 F.3d at 262 (quoting *Thompson v. Sanderson Farms, Inc.*, No. 3:04-CV-837-WHB-JCS, 2006 U.S. Dist. LEXIS 48409, at \*12–13 (S.D. Miss. May 31, 2006)).  By not disclosing their personal injury claim to the bankruptcy court, the Allens' motivation for concealment is self-evident because of the "potential financial benefit resulting from the nondisclosure." *Id.*  Moreover, one of the amendments to the Allens' Plan expressly provides that the Allens were aware of the duty to disclose claims that "become known to the debtor after the original schedules and statements have been filed or . . . arise after such date."  The Allens contend that no motivation can be inferred because: (1) the bankruptcy proceeding was closed without a discharge, allowing creditors to continue to pursue their claims, and (2) the debtors would not "intentionally attempt to defraud creditors of such a relatively small sum of money."[6]  Both arguments are unpersuasive.  As this

---

[6] The Allens also contend that a different standard should apply to determine indifference because they are not "legally sophisticated parties."  However, this court has not modified its analysis of judicial estoppel when considering previous appeals involving Chapter 13 debtors.  *See, e.g.*, *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 272–74 (5th Cir. 2015); *In re Flugence*, 738 F.3d at 130–31.  The Allens have failed to cite any authority from this court or another court of appeals adopting such an approach.

No. 15-30330

circuit has previously explained, the relevant time frame for determining whether a motivation exists is "at the time [the debtor] failed to meet his disclosure obligations," *id.* at 263, not after a bankruptcy has been closed or discharged. And the Allens fail to provide any authority supporting their contention that the size of the undisclosed claim affects our analysis regarding the existence of a motive to conceal. Indeed, treating smaller claims differently is contrary to the reasoning underlying the continuing obligation to disclose—allowing the bankruptcy court to decide which assets should be available to satisfy creditors "as part of the orderly bankruptcy process." *In re Flugence*, 738 F.3d at 130. Thus, the Allens cannot show that their failure to disclose their suit was inadvertent. *See Love*, 677 F.3d at 262–63; *In re Flugence*, 738 F.3d at 131.

### D. Equitable Application

Although judicial estoppel can apply to the Allens' personal injury suit, the Allens and the State argue that the district court should not have applied it here because that doctrine leads to an inequitable result.[7] "Because judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice." *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir. 2011). Indeed, we have recognized that "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" *Love*, 677 F.3d at 261 (alteration in original) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). Ultimately, "[t]he challenge is to fashion a remedy that does not do inequity by punishing the innocent." *Reed*, 650 F.3d at 576 (quoting *An-Tze Cheng v. K&S*

---

[7] We generally do not consider arguments raised by the amicus curiae unless those arguments were raised by a party on appeal. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 n.3 (5th Cir. 2009).

No. 15-30330

*Diversified Invs., Inc. (In re An-Tze Cheng)*, 308 B.R. 448, 459 (B.A.P. 9th Cir. 2004)).

We have recognized that judicial estoppel is appropriate when "a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe*, 412 F.3d at 600. However, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Reed*, 650 F.3d at 574. "Accordingly, where a debtor is judicially estopped from pursuing a claim he failed to disclose to the bankruptcy court, the trustee, consistent with *Reed*, may pursue the claim without any limitation not otherwise imposed by law."[8] *In re Flugence*, 738 F.3d at 132. Such an approach "protect[s] the integrity of the bankruptcy system by deterring debtors from concealing assets" while also being "consistent with the core bankruptcy goal of obtaining a maximum and equitable distribution for creditors." *Reed*, 650 F.3d at 577.

Here, the district court expressly dismissed the personal injury claim without prejudice to the rights of a trustee to pursue the claim, permitting the trustee to litigate the claim if the Allens' bankruptcy case is reopened. The Allens and the State are therefore incorrect insofar as they argue that judicial estoppel is inequitable because the Allens' creditors are harmed and that the State's "only remaining avenue to seek redress" for its reimbursement claim is the stipulation entered into with the Allens. We are, of course, in no position

---

[8] While both the Allens and the State focus on the closing of the Allens' bankruptcy case without a discharge in distinguishing other authority, this circuit has previously affirmed a district court's application of judicial estoppel when a previous bankruptcy case was closed without discharge. *See Jethroe*, 412 F.3d at 599. Moreover, allowing the bankruptcy trustee to pursue the personal injury claim in place of the Allens ensures that "the rights of creditors to an equitable distribution" are protected. *Reed*, 650 F.3d at 574.

No. 15-30330

to foretell the future outcome if a Chapter 7 trustee pursues the personal injury claim. But as to the district court's actions in the present matter, our precedent clearly establishes that the district court did not abuse its discretion when it dismissed the Allens' claims based on judicial estoppel and provided a trustee with the opportunity to "pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy." *Reed*, 650 F.3d at 573.

## IV.    CONCLUSION

One clarification to the district court's judgment is in order. Pursuant to *Reed*, the district court permitted a Chapter 7 trustee to pursue the personal injury claim if the Allens' bankruptcy case is reopened and converted to a Chapter 7 liquidation. However, the trustee would likely not be able to pursue the claims in a separate suit because of the same timeliness problems that barred the State's attempt to intervene in the district court. *See* La. Civ. Code Ann. art. 3492 (requiring that "delictual actions," *i.e.*, personal injury actions, generally be brought within one year from the day of injury). We therefore modify the district court's judgment to clarify that the district court may re-open the present case and substitute a Chapter 7 trustee for the Allens if the trustee decides to pursue the claim within a reasonable period of time. *See Long*, 798 F.3d at 270, 276 (involving an instance where the district court gave the trustee a week to decide whether to continue pursuing a claim on behalf of the estate before eventually dismissing the lawsuit). As modified herein, we AFFIRM the judgment of the district court.

11