| | | |
|---|---|---|
| **RACHEL BREAUX** | * | **NO. 2024-C-0126** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LOUISIANA STADIUM &** | * | |
| **EXPOSITION DISTRICT, SMG,** | | **FOURTH CIRCUIT** |
| **LANDMARK EVENT** | * | |
| **STAFFING SERVICES, INC.,** | | **STATE OF LOUISIANA** |
| **AND JANE DOE** | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-00689, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

Dennis J. Phayer
BURGLASS, TANKERSLEY, GAUDIN, AND PHAYER, LLC
5213 Airline Drive
Metairie, LA 70001

Phyllis E. Glazer
Taylor M. Simon
Angelo O'Brien
LOUISIANA DEPARTMENT OF JUSTICE
1885 N Third Street, 3rd Floor
Baton Rouge, LA 70802

      COUNSEL FOR DEFENDANTS/RELATORS

D. Russell Holwadel
Heather A. England Reznik
ADAMS RUSSELL HOLWADEL, LLC
400 Poydras Street, Suite 2450
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/RESPONDENT

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
                                    **APRIL 4, 2024**

Relators — SMG and Jameika Gleason — seek supervisory review of the trial court's January 30, 2024 judgment, denying their exception of no right of action. We grant Relators' writ. Based on our review of the record, the Respondent – Rachel Breaux – is judicially estopped from recovering damages through the instant litigation. Thus, we reverse the trial court's judgment on Relators' exception of no right of action.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2012, Rachael Breaux ("Ms. Breaux") filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana. As with most Chapter 13 bankruptcy plans, Ms. Breaux agreed to certain terms and conditions to satisfy her creditors. As a part of these terms, Ms. Breaux signed a Certification of Notice to Consumer Debtors under 11 U.S.C. § 342(b). The notice stated the following:

> **WARNING**: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

1

The above excerpt was confirmed as a condition of Ms. Breaux's bankruptcy plan by court order (the "Court Order"). The Court Order also mandated that Ms. Breaux abide by the following:

**IT IS ORDERED**:

[…]

That all…proceeds from lawsuits or settlements…shall be turned over to the trustee for administration.

That the debtor shall provide to the trustee, at least once every six months until the case is closed, a report on the status of any pending or potential lawsuit in which the debtor is or may be a plaintiff.

In essence, the totality of Ms. Breaux's responsibilities required her to disclose information regarding contingent and potential claims during the effective period of the bankruptcy plan. The bankruptcy was not closed until 2017.

While her bankruptcy was open, Ms. Breaux was allegedly injured by Jameika Gleason ("Ms. Gleason"), an employee of SMG, during a New Orleans Saints preseason game at the Superdome. Ms. Breaux later filed a petition for damages against the Relators in connection with this incident.[1] She failed to report both the accident and the filing of a lawsuit to the bankruptcy trustee. Ms. Breaux also did not disclose a separate lawsuit arising from an automobile accident in 2015.

In response, Relators filed a peremptory exception of no right of action. Relators asserted that Ms. Breaux is judicially estopped from pursuing damages because she failed to notify the bankruptcy court that she had an interest in this

---

[1] Ms. Breaux also named Louisiana Stadium & Exposition District and Landmark Event Staffing Services, Inc. as defendants, but they were not party to the Relators' Exception of No Right of Action.

litigation in accordance with her Chapter 13 plan. After a hearing, the trial court denied Relators' exception of no right of action. This writ followed.

## DISCUSSION

Relators argue that Ms. Breaux did not comply with her duty under the Chapter 13 bankruptcy plan to disclose any pending or potential lawsuits. As a consequence of this failure to disclose, Ms. Breaux is judicially estopped from seeking damages from Relators through this action. We agree.

"[I]n determining whether the trial court was legally correct in sustaining the exception, an appellate court is required to conduct a *de novo* review." *DLN Holdings, L.L.C. v. Guglielmo,* 2021-0640, p. 4 (La. App. 4 Cir. 6/29/22), 366 So. 3d 461, 466-467. Here, Relators seek review of the trial court's denial of their exception of no right of action. The denial was based on the finding that Ms. Breaux was not judicially estopped from bringing forth this lawsuit. Because judicial estoppel was raised by the Relators in the context of a bankruptcy case, federal law applies here. *See Tates v. Integrated Prod. Servs., Inc.*, 51,574, p. 6 (La. App. 2 Cir. 9/27/17), 244 So. 3d 716, 720 (citing *Thomas v. Economy Premier Assur. Co.*, 50,638, p. 6 (La. App. 2 Cir. 5/18/16), 196 So.3d 7, 12).

"Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Webb v. Webb*, 2018-0320, p. 9 (La. 12/5/18), 263 So. 3d 321, 328 (quoting *Miller v. Conagra, Inc.*, 2008-0021, p. 9 (La. 9/8/08), 991 So. 2d 445, 452). "Federal courts review judicial estoppel determinations for abuse of discretion." *Id*.

A court may apply judicial estoppel if the following circumstances are present: 1) the party against whom judicial estoppel is sought has asserted a legal

3

position that is plainly inconsistent with a prior position, 2) a court accepted the prior position, and 3) the party did not act inadvertently. *See Reed v. City of Arlington,* 650 F.3d 571, 574 (5th Cir. 2011) (citation omitted). "With bankruptcy cases, this inconsistent position requirement is generally met when a debtor does not disclose an asset to the bankruptcy court, but then pursues a claim in a separate tribunal based on the undisclosed asset." *Tates v. Integrated Prod. Servs., Inc.,* 51,574, p. 6 (La. App. 2 Cir. 9/27/17), 244 So.3d 716, 720 (citing *Allen v. C&H Distributors*, 813 F.3d 566, 572 (5th Cir. 2016)).

A non-disclosure is "inadvertent" when the estopped party was unaware of the facts giving rise to his claim or no motive for concealment existed. *See Miller v. Conagra, Inc.*, 2008-0021, pp. 9–10 (La. 9/8/08), 991 So.2d 445, 452 (citing *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 601 (5th Cir. 2005)). To show a lack of knowledge, it is not enough for a party to show that he did not know he had a duty to disclose his claim. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 766 Fed.Appx. 38 (5th Cir.2019).

Here, the first element for judicial estoppel is met because Ms. Breaux represented to the bankruptcy court that she did not have any potential or pending claims; but she filed three lawsuits while her Chapter 13 plan was in effect.

The second element is met because the bankruptcy court discharged Ms. Breaux after five years of payments under the belief that she did not have any state claims.

Finally, the third requirement is met because the non-disclosure of the lawsuits was not inadvertent. The court order mandated that Ms. Breaux "provide to the trustee, at least once every six months until the case is closed, a report on the

status of any pending or potential lawsuit in which the debtor is or may be a plaintiff."

At the hearing on Relators' exception of no right of action, Ms. Breaux testified that although the Court Order directed her to notify the trustee about "any pending or potential lawsuits", she did not remember or know that she had to report any of the accidents resulting in litigation. The Fifth Circuit held in *In Re Bias* that a lack of knowledge is not sufficient to show inadvertence. Her testimony does not meet this threshold. Ms. Breaux had to prove that she was unaware of the facts giving rise to her claims – the specific facts of the three accidents. Her knowledge of these facts is evident from the filing of the lawsuits in which she sought to recover for the injuries allegedly sustained in the same three accidents. The third element of judicial estoppel is met.

Thus, the three elements of judicial estoppel are met and the trial court erred in failing to grant Relators' exception of no right of action.

## DECREE

For the foregoing reasons, we grant Relators' writ, reverse the trial court's judgment denying the Relators' exception of no right of action, and render judgment sustaining the exception of no right of action and dismissing this suit.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**

5