(March 7, 2017)

█ JOSEPH KLEINPLATZ, Appellant, v NATHAN L. DEMBIN & ASSOCIATES, P.C., et al., Respondents, et al., Defendant. [48 NYS3d 659]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered June 10, 2015, dismissing the complaint pursuant to an order, same court and Justice, entered March 24, 2015, unanimously affirmed, on the ground of judicial estoppel.

Plaintiff's prolonged failure to disclose the instant lawsuit to the bankruptcy court renders him judicially estopped from pursuing the claim (*Koch v National Basketball Assn.*, 245 AD2d 230, 230-231 [1st Dept 1997]; *Becerril v City of N.Y. Dept. of Health & Mental Hygiene*, 110 AD3d 517, 519 [1st Dept 2013], *lv denied* 23 NY3d 905 [2014]). While the error initially may not have been intentional, as plaintiff had not commenced the legal malpractice claim when he filed his chapter 13 petition, and was pro se at the time and may not have known that he was required to disclose such a suit, he failed to disclose the lawsuit to the bankruptcy court even after he commenced it, even after he retained bankruptcy counsel, and even after defendants cited the failure to disclose it in an unsuccessful summary judgment motion made years earlier, in June 2011. Thus, plaintiff's ongoing failure to correct the omission suggests it was not merely a good faith mistake or unintentional (*compare*

*Murray v Board of Educ. of City of New York*, 248 BR 484, 487 [SD NY 2000]; *United States v Hussein*, 178 F3d 125, 130 [2d Cir 1999]).

Because we determine that dismissal is appropriate on this ground, it is unnecessary to consider whether plaintiff otherwise had standing to pursue the claim.

The court providently exercised its discretion in granting leave to amend the answer (CPLR 3025 [b]; *Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). There was no significant prejudice to plaintiff from the delay to seek leave; plaintiff cannot claim surprise regarding his own failure to disclose the instant lawsuit in the bankruptcy proceeding (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). As previously noted, plaintiff failed to disclose the instant lawsuit to the bankruptcy court for years, even after he was alerted to the issue of nondisclosure. Concur—Sweeny, J.P., Richter, Mazzarelli, Manzanet-Daniels and Feinman, JJ.