■ Laszlo R. Horvath, Respondent, v Gumley Haft Kleier Inc., Defendant, and Eltech Industries, Inc., Appellant. [48 NYS3d 661]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 4, 2014, which denied defendant Eltech Industries, Inc.'s motion to amend its answer to assert the affirmative defenses of lack of capacity to sue and judicial estoppel, and to dismiss the complaint based on those defenses, unanimously reversed, on the law, without costs, and the motion granted.

On October 26, 2009, plaintiff filed a chapter 13 petition in the U.S. Bankruptcy Court for the District of New Jersey. Eleven months later, on September 15, 2010, plaintiff sustained an injury due to the alleged negligence of defendants. On November 23, 2010, plaintiff initiated this action. On December 28, 2011, the Bankruptcy Court confirmed a plan. Three years later, on February 18, 2014, after appellant discovered that plaintiff had not disclosed this action to the Bankruptcy Court, plaintiff filed an amended schedule of assets and liabilities to include this action.

Plaintiff's prolonged failure to disclose this lawsuit to the Bankruptcy Court renders him judicially estopped from pursuing it (*Kleinplatz v Nathan*, 148 AD3d 431 [1st Dept 2017] [decided simultaneously herewith]). Plaintiff took an inconsistent position in the bankruptcy proceeding—that he did not have any other legal claims than those listed on his schedule of assets and liabilities—and that position was adopted by the Bankruptcy Court when it confirmed the plan (*Goldson v Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, 2014 WL 3974584, *2, 2014 US Dist LEXIS 112291, *5 [SD NY, Aug. 13, 2014, No. 13 Civ 2747(GBD) (FM)]).

Given that plaintiff is estopped from asserting his claim, it is unnecessary to consider whether he had standing to pursue it.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.