# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2018

Lyle W. Cayce
Clerk

No. 17-20324
Summary Calendar

————

MARK ANTHONY FORNESA; RICARDO FORNESA, JR.,

Plaintiffs - Appellants

v.

FIFTH THIRD MORTGAGE COMPANY, also known as Fifth Third Bank,

Defendant - Appellee

_____

MARK ANTHONY FORNESA; RICARDO FORNESA, JR.,

Plaintiffs - Appellants

v.

FIFTH THIRD MORTGAGE COMPANY,

Defendant - Appellee

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

Before  JONES, SMITH, and COSTA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Mark Fornesa and his father, Ricardo Fornesa, Jr., sued Fifth Third
Bank for foreclosing on a property in violation of the automatic stay imposed

No. 17-20324

during Ricardo's Chapter 13 bankruptcy.  *See* 11 U.S.C. § 362(a).  Following a bench trial, the district court granted judgment for Fifth Third and held, *inter alia*, that the plaintiffs were judicially estopped from claiming a stay violation because Ricardo failed to adequately disclose his assets in bankruptcy.  We AFFIRM.

## BACKGROUND

In February 2010, Mark Fornesa obtained a secured loan from Fifth Third to purchase a piece of real property.  Mark subsequently entered an equity sharing agreement with his father.  This agreement gave Ricardo an equitable interest in the property and required Ricardo to make payments for three years.  Ricardo voluntarily made payments to Fifth Third pursuant to Mark's loan.  Mark and Ricardo did not record the equitable interest or inform Fifth Third.

In 2012, Ricardo sought Chapter 13 bankruptcy.  In his 2012 bankruptcy schedules, Ricardo listed an "[e]quity sharing agreement in son's house," but he did not list the property's address or list Fifth Third as a creditor.  By its own terms, the equity sharing agreement expired in February 2013.

In January 2014, Ricardo surrendered his own homestead in the bankruptcy and moved into his son's house.  In November 2014, Mark and Ricardo stopped making payments on the Fifth Third loan.  Then, in January 2015, Mark signed a quitclaim deed, conveying the property to Ricardo.  This deed was recorded, but Ricardo did not amend his bankruptcy schedules.  Nor did anyone inform Fifth Third about the transfer.

Fifth Third gave notice of default and intent to accelerate the loan in March 2015.  The loan was accelerated and posted for foreclosure on April 6, 2015.  Ricardo claims that on April 28 he sent Fifth Third a check for the delinquent loan payments along with a package containing his bankruptcy

papers, the quitclaim deed, and the equity sharing agreement. Fifth Third disputes that it received the bankruptcy documents. Fifth Third returned the check because, as of May 1, the check constituted only a partial payment and could not bring the loan current. On May 4, Ricardo again allegedly sent a package containing his bankruptcy papers to Fifth Third. This package would not have been received before May 5. The property was sold at a foreclosure sale that afternoon. After the sale, Fifth Third contacted Mark, indicating that he had two weeks to redeem the property. Mark declined.

Instead, Mark and Ricardo brought a pro se lawsuit against Fifth Third for wrongful foreclosure, violation of the Emergency Stabilization Act, and violation of the automatic stay under 11 U.S.C. § 362(a).[1] The plaintiffs sought actual damages of $50,000 and punitive damages of $450,000. Fifth Third removed the case to federal district court. Mark and Ricardo filed a second lawsuit in state court, which was also removed and consolidated with the first case. In early 2016, Ricardo filed an adversary proceeding in bankruptcy, urging similar arguments. The bankruptcy judge entered a report to the district court recommending a withdrawal of the reference, and the district court entered an order withdrawing the reference. The consolidated action in federal district court proceeded to a bench trial. The district court held that the plaintiffs' claims lacked merit, entered judgment for Fifth Third, and denied a motion for a new trial. Following these orders, the district court reviewed Fifth Third's objections to the plaintiffs' evidence and denied admittance of several exhibits.

The plaintiffs timely appealed.

---

[1] The plaintiffs have waived their claims for wrongful foreclosure and for violation of the Emergency Stabilization Act by failing to argue them in their appellate briefing. *See N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003).

No. 17-20324

## STANDARD OF REVIEW

We review a district court's determination of judicial estoppel for abuse of discretion. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Id.* (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)). We review a district court's evidentiary rulings and denial of a motion for a new trial under the same standard. *Maurer v. Independence Town*, 870 F.3d 380, 383 (5th Cir. 2017); *United States v. Sertich*, 879 F.3d 558, 562 (5th Cir. 2018).

## DISCUSSION

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love*, 677 F.3d at 261. In this way, the doctrine "protect[s] the integrity of the judicial process." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (citations omitted). Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently. *See id.* (citing *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir. 2013)). "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Love*, 677 F.3d at 261-62 (quoting *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)). The district court did not abuse

4

its discretion in finding that Ricardo was estopped from pursuing his claim for a violation of the automatic stay.

The first and second elements of judicial estoppel are satisfied by Ricardo's failure to amend his bankruptcy schedules to disclose the quitclaim deed or his putative claims against Fifth Third. Chapter 13 debtors have a continuing obligation to amend financial schedules to disclose assets acquired post-petition. *See Allen*, 813 F.3d at 572 (quoting *Flugence*, 738 F.3d at 129). Therefore, Ricardo's failure to fulfill his Chapter 13 duty by amending his asset schedules "impliedly represented" to the bankruptcy court that his financial status was unchanged. *In re Flugence*, 738 F.3d at 129. This was plainly inconsistent with his subsequent assertion of an undisclosed claim based on the undisclosed asset. *Id.* The bankruptcy court, moreover, implicitly accepted the representation by operating as though Ricardo's financial status were unchanged. *See id.* ("Had the court been aware . . . it may well have altered the plan.").

Establishing the defense of inadvertence would require Ricardo to prove (1) that he did not know about the inconsistency or (2) that he lacked a motive for concealment. *See Allen*, 813 F.3d at 573. It is insufficient, however, for Ricardo to have been unaware of his duty to disclose; rather, he must have actually been unaware of the relevant underlying facts. *See id.* Ricardo cannot show this lack of knowledge because he was aware that he had received the quitclaim deed and aware of the basis for his claims against Fifth Third. This court has also held that a motive to conceal is "self-evident" when a debtor fails to disclose an asset to the bankruptcy court due to the "potential financial benefit resulting from the nondisclosure." *See id.* at 574 (quoting *Love*, 677 F.3d at 262). Ricardo had a motive to conceal his changed financial status.

No. 17-20324

In sum, the district court did not abuse its discretion in holding that Ricardo was judicially estopped from claiming Fifth Third violated the automatic stay. For the same reason, the district court did not abuse its discretion in denying the plaintiffs' motion for a new trial.

Nor have the plaintiffs shown that the district court abused its discretion in excluding several of their exhibits. These exhibits were (1) a third-party expert's appraisal of the property at issue, (2) documents pertaining to an eviction proceeding against the plaintiffs that was eventually non-suited, (3) several of Fifth Third's responses to interrogatories, (4) mailing receipts indicating when Fifth Third received the package containing Ricardo's bankruptcy documents, and (5) Ricardo's real estate license and his own appraisal of the property.

The plaintiffs' briefing on the evidentiary rulings fails to explain any legal or factual errors made by the district court. Fifth Third objected to the third-party's appraisal and Ricardo's appraisal because they were not adequately disclosed during discovery. The plaintiffs' briefing on these exclusions does not address their tardy designation of the evidence.[2] Likewise, the plaintiffs have not countered Fifth Third's objections that some exhibits were inadmissible for lack of authentication or were irrelevant to the disputed claims. None of the excluded evidence, moreover, bears on the merits of Fifth Third's judicial estoppel defense.

For these reasons, we **AFFIRM** the judgment of the district court.

---

[2] Instead, the plaintiffs merely cite Federal Rules of Evidence 703 and 705 regarding the permissible basis for expert opinion. These arguments are inapposite.