Flanders v E. W. Howell Co., LLC (2021 NY Slip Op 02276)





Flanders v E. W. Howell Co., LLC


2021 NY Slip Op 02276


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-10301
 (Index No. 706975/15)

[*1]Richard L. Flanders, respondent, 
v
E. W. Howell Co., LLC, appellant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jamie Kuebler, Vito John Marzano, and Mario Castellitto of counsel), for appellant.
Mullaney & Gjelaj, PLLC, Forest Hills, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 28, 2018. The order denied the defendant's motion for leave to amend its answer and for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion for leave to amend its answer and for summary judgment dismissing the complaint is granted.
On July 6, 2012, the plaintiff filed a chapter 13 bankruptcy petition (see 1978 Bankruptcy Code [11 USC] ch 13) in the United States Bankruptcy Court for the District of New Jersey (hereinafter the bankruptcy court). On September 25, 2012, the bankruptcy court confirmed a plan by which the plaintiff would pay unsecured creditors less than half of the claims allowed. On September 3, 2014, the plaintiff allegedly was injured due to the defendant's negligence. Thereafter, on July 2, 2015, the plaintiff commenced this action to recover damages for his injuries. On February 8, 2017, the plaintiff sought to modify the chapter 13 plan on the ground that he had retired and could no longer afford the payments, and on April 27, 2017, a modified plan was confirmed. On November 3, 2017, the bankruptcy trustee issued a final report which stated that the bankruptcy estate had been fully administered. On November 6, 2017, the bankruptcy court issued a discharge order. On December 4, 2017, a final decree was entered declaring the bankruptcy estate fully administered, and the bankruptcy case was closed. It is undisputed that at no time during the pendency of the plaintiff's chapter 13 bankruptcy proceeding was this action disclosed to the bankruptcy court or the bankruptcy trustee. On January 26, 2018, the defendant moved for leave to amend its answer to assert affirmative defenses of lack of standing and capacity to sue, and judicial estoppel, and for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Moran Enters., Inc. v Hurst, 160 AD3d 638, 639).
Here, the defendant's proposed judicial estoppel defense based on the plaintiff's failure to disclose this action in the bankruptcy proceeding was not palpably insufficient or patently devoid of merit. "The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which it took in a prior proceeding, simply because its interests have changed" (Moran Enters., Inc. v Hurst, 160 AD3d at 639; see Davis v Citibank, N.A., 116 AD3d 819, 820). "The twin purposes of the doctrine are to protect the integrity of the judicial process and 'to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings'" (Davis v Citibank, N.A., 116 AD3d at 821, quoting Bates v Long Is. R.R. Co., 997 F2d 1028, 1038 [2d Cir; citation omitted]).
"'[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets'" (Moran Enters., Inc. v Hurst, 160 AD3d at 640, quoting Rosenshein v Kleban, 918 F Supp 98, 104 [SD NY]). "By failing to list causes of action on bankruptcy schedules of assets, the debtor represents that it has no such claims" (Moran Enters., Inc. v Hurst, 160 AD3d at 640; see Crawford v Franklin Credit Mgt. Corp., 758 F3d 473, 486 [2d Cir]). "Thus, the doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding" (Moran Enters., Inc. v Hurst, 160 AD3d at 640).
"For the doctrine to apply, there must be 'a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets'" (id. at 640, quoting Koch v National Basketball Assn., 245 AD2d 230, 231). "However, a discharge from bankruptcy is not required for the application of the doctrine. 'The bankruptcy court may accept the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways'" (Moran Enters., Inc. v Hurst, 160 AD3d at 640, quoting Hamilton v State Farm Fire & Cas. Co., 270 F3d 778, 784 [9th Cir; internal quotation marks omitted]).
Here, the plaintiff is judicially estopped from pursuing this action because he failed to disclose its existence to the bankruptcy court during the pendency of the chapter 13 bankruptcy proceeding (see Moran Enters., Inc. v Hurst, 160 AD3d at 639-640; Horvath v Gumley Haft Kleier Inc., 148 AD3d 437, 437). The plaintiff had a continuing obligation to update his asset schedules throughout the pendency of the bankruptcy proceeding (see 11 USC § 521[a][1]; Horvath v Gumley Haft Kleier Inc., 148 AD3d at 437; Fornesa v Fifth Third Mtge. Co., 897 F3d 624, 628 [5th Cir]; see also In re Easley-Brooks, 487 BR 400, 408 [SD NY]).
Any payments towards a settlement or verdict in this action could have been deemed income and subject to execution by the bankruptcy trustee (see In re Jacob, 418 BR 37, 39 [ND NY]; see also Nicke v Schwartzapfel Partners, P.C., 148 AD3d 1168, 1171). Accordingly, the bankruptcy trustee could have sought possession of this asset, or modification of the plan, in order to satisfy a greater percentage of the outstanding debt the plaintiff owed to his unsecured creditors (see 11 USC § 1329[a]; Nicke v Schwartzapfel Partners, P.C., 148 AD3d at 1171). By failing to update his asset schedules to include this action, the plaintiff took an inconsistent position in the bankruptcy proceeding by, in effect, representing that he did not have the instant legal claim. That characterization of his assets was accepted and endorsed by the bankruptcy court throughout the duration of the bankruptcy proceeding, which included, confirmation of a modified plan that reduced the plaintiff's payments, as well as the issuance of the bankruptcy trustee's final report and account, and an order granting the plaintiff a discharge (see Moran Enters., Inc. v Hurst, 160 AD3d at 640; Horvath v Gumley Haft Kleier Inc., 148 AD3d at 437). Moreover, based on the defense of judicial estoppel, the defendant established its prima facie entitlement to summary judgment dismissing the complaint (see Moran Enters., Inc. v Hurst, 160 AD3d at 640). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant leave to amend its answer to assert a judicial estoppel defense, and should have granted that branch of the defendants's motion which was for summary judgment dismissing the complaint.
In light of our determination, we need not address the defendant's remaining contentions regarding the plaintiff's alleged lack of standing and lack of capacity to maintain this action.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court