Cussick v R.L. Baxter Bldg. Corp. (2024 NY Slip Op 03028)

Cussick v R.L. Baxter Bldg. Corp.

2024 NY Slip Op 03028

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-02040
 (Index No. 51478/19)

[*1]Joseph R. Cussick III, respondent,
v R.L. Baxter Building Corp., defendant, Greystone Programs, Inc., et al., appellants.

Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman of counsel), for appellant John Condon.
O'Connor Redd Orlando, LLP, Port Chester, NY (Anthony J. Ruggeri of counsel), for appellant Greystone Programs, Inc.
Michael A. Fakhoury, Fishkill, NY (Jeffrey Litman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant John Condon appeals, and the defendant Greystone Programs, Inc., separately appeals, from a corrected order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated March 7, 2022. The corrected order, insofar as appealed from, denied those branches of the motion of the defendant John Condon, joined by the defendant Greystone Programs, Inc., which were pursuant to CPLR 3025(b) for leave to amend their respective answers to assert the affirmative defense of judicial estoppel, and thereupon, in effect, for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the corrected order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, and those branches of the motion of the defendant John Condon, joined by the defendant Greystone Programs, Inc., which were pursuant to CPLR 3025(b) for leave to amend their respective answers to assert the affirmative defense of judicial estoppel, and thereupon, in effect, for summary judgment dismissing the amended complaint insofar as asserted against each of them are granted.
On May 25, 2018, the plaintiff filed a chapter 13 bankruptcy petition (see 1978 Bankruptcy Code [11 USC] ch 13) and a plan requesting loss mitigation, such as a mortgage loan modification, in the United States Bankruptcy Court for the Southern District of New York (hereinafter the bankruptcy court). On February 14, 2019, the plaintiff allegedly was injured when a ceiling at a building owned by the defendant Greystone Programs, Inc. (hereinafter Greystone), collapsed and fell on him. The defendant John Condon was a subcontractor performing work at the property. In March 2019, the plaintiff signed a loan modification agreement. In an order dated April 10, 2019, the bankruptcy court authorized the plaintiff to enter into the loan modification agreement, and directed that upon the final trial payment being made, any claim for mortgage arrears timely filed against the plaintiff and his estate "shall be deemed so that arrears are listed as '0.'"
On April 11, 2019, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him as a result of the ceiling collapse. Thereafter, on June [*2]14, 2019, the bankruptcy court confirmed the chapter 13 plan. In October 2019, the plaintiff moved to voluntarily dismiss his bankruptcy proceeding, and the bankruptcy court dismissed the proceeding. The bankruptcy trustee issued a final report and account dated November 21, 2019. On December 17, 2019, the bankruptcy court issued an order discharging the trustee and closing the plaintiff's bankruptcy proceeding. It is undisputed that the plaintiff did not disclose this action to the bankruptcy court or the trustee during the pendency of the bankruptcy proceeding.
In July 2021, after issue was joined, Condon moved, inter alia, pursuant to CPLR 3025(b) for leave to amend his answer to assert the affirmative defense of judicial estoppel, and thereupon, in effect, for summary judgment dismissing the amended complaint insofar as asserted against him on the ground of judicial estoppel (see Chin Tsun Yang v Sneh Prabha Shukla, 138 AD3d 668, 669; Meredith v Siben & Siben, LLP, 130 AD3d 791, 791). Greystone joined Condon's motion, seeking the same relief for itself. In a corrected order dated March 7, 2022, the Supreme Court, among other things, denied those branches of the motion. Condon and Greystone separately appeal.
"Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (Cirillo v Lang, 206 AD3d 611, 612; see Flanders v E.W. Howell Co., LLC, 193 AD3d 822, 823). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362). In his opposition papers, the plaintiff did not assert that any prejudice or surprise would result from the proposed amendment (see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641).
Contrary to the plaintiff's contention, the proposed judicial estoppel defense based on his failure to disclose this action in the bankruptcy proceeding was not palpably insufficient or patently devoid of merit. "The doctrine of judicial estoppel, or estoppel against inconsistent positions, precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Ghatani v AGH Realty, LLC, 181 AD3d 909, 911; see Cruz v Bank of N.Y. Mellon, 218 AD3d 638, 640). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings" (Davis v Citibank, N.A., 116 AD3d 819, 821 [citation and internal quotation marks omitted]; see Flanders v E.W. Howell Co., LLC, 193 AD3d at 823).
"The integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. By failing to list causes of action on bankruptcy schedules of assets, the debtor represents that it has no such claims. Thus, the doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding" (Moran Enters., Inc. v Hurst, 160 AD3d 638, 640 [alterations, citations, and internal quotation marks omitted]). "For the doctrine to apply, there must be a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets. However, a discharge from bankruptcy is not required for the application of the doctrine. The bankruptcy court may accept the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways" (id. at 140 [citation and internal quotation marks omitted]; see Flanders v E.W. Howell Co., LLC, 193 AD3d at 823-824).
While a chapter 13 bankruptcy debtor has standing to litigate cases that belong to the estate (see Olick v Parker & Parsley Petroleum Co., 145 F3d 513, 515-516 [2d Cir]), here the "[p]laintiff's prolonged failure to disclose this lawsuit to the [b]ankruptcy [c]ourt renders him judicially estopped from pursuing it" (Horvath v Gumley Haft Kleier Inc., 148 AD3d 437, 437; see Flanders v E.W. Howell Co., LLC, 193 AD3d at 824). The plaintiff took an inconsistent position in the bankruptcy proceeding by, in effect, representing that he did not have the instant legal claim. The characterization of his assets was accepted and endorsed by the bankruptcy court throughout the duration of the bankruptcy proceeding, which included, among other things, confirmation of the plaintiff's plan (see Flanders v E.W. Howell Co., LLC, 193 AD3d at 824; Horvath v Gumley Haft Kleier Inc., 148 AD3d at 437; see also In re Residential Capital, LLC, 519 BR 606, 612 [Bankr SD NY]).
Based on the defense of judicial estoppel, Condon and Greystone established their [*3]prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them (see Flanders v E.W. Howell Co., LLC, 193 AD3d at 824; Moran Enters., Inc. v Hurst, 160 AD3d at 640-641). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court improvidently exercised its discretion in denying Condon and Greystone leave to amend their respective answers to assert a judicial estoppel defense, and should have awarded them summary judgment dismissing the amended complaint insofar as asserted against each of them.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court